10-2961-cr
U.S. v. Benn

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of September, two thousand eleven.

PRESENT:
     JON O. NEWMAN,
     PETER W. HALL,
        *Circuit Judges*,
     LORETTA A. PRESKA,[*]
        *Chief District Judge*.

————————————————————————

UNITED STATES OF AMERICA,

    *Plaintiff-Appellee*,


     v.         No. 10-2961-cr

LEVERN BENN, also known as L.B.,

    *Defendant-Appellant*.


————————————————————————

[*]The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

1

FOR APPELLANT:                    FRANCISCO CELEDONIO, Law Office of Francisco E. Caledonio, Esq., New York, New York.

FOR APPELLEE:                     PREET BHARARA (Jason A. Masimore, Karl Metzner, Assistant United States Attorneys, *of counsel*), United States Attorney for the Southern District of New York, New York, New York.

Appeal from an amended judgment of the United States District Court for the Southern District of New York (Keenan, *J.*). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Levern Benn appeals from a July 14, 2010 amended judgment convicting him, following a guilty plea, of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 846. The district court imposed the mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) of 120 months' imprisonment and five years of supervised release. Benn's primary contention on appeal is that the district court erred in sentencing him to the mandatory minimum because his allocution provided insufficient factual support in his guilty plea to apply the § 841(b)(1)(A) sentence enhancement. Specifically, Benn argues that, because he was never asked to state or admit that his offense involved 50 grams or more of crack, a necessary element under § 841(b)(1)(A), the district court should have sentenced him under § 841(b)(1)(C) which provides for a sentence requiring no determination of drug quantity with no mandatory minimum sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

2

We review sentences for procedural and substantive reasonableness under an abuse of discretion standard, where factual findings are reviewed for clear error. *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Because the appeal, in substance, centers on the sufficiency of the defendant's plea allocution, it is a review of the procedural reasonableness of the sentence. *See id.* We therefore treat a district court's finding regarding the factual basis for a plea "deferentially and will not reverse unless the [finding] rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." *United States v. Gonzalez*, 420 F.3d 111, 120 (2d Cir. 2005) (internal quotation marks and citations omitted).

The Supreme Court has made clear that drug quantities are elements of aggravated narcotics offenses, *see Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), so the quantity of drugs involved in an offense "must always be pleaded and proved to a jury or admitted by a defendant to support conviction or sentence on an aggravated offense," *Gonzalez*, 420 F.3d at 131. The factual basis for the offense can be established in a number of ways so long as the relevant facts are on the record or put on the record at the time of the plea. *See United States v. Andrades*, 169 F.3d 131, 134 (2d Cir. 1999); *see also Fed. R. Crim. P.* 11(b)(3) (setting forth the requirement that district courts "determine that there is a factual basis for the plea" before entering judgment on it). Rule 11 only requires that "the conduct to which the defendant admits is in fact an offense under the statutory provision under which he is pleading guilty." *United States v. Maher*, 108 F.3d 1513, 1524 (2d Cir. 1997). The court is "free to rely on any facts at its disposal," *Irizarry v. United States*, 508 F.2d 960, 967 (2d Cir. 1974), including facts that can be

3

"culled by the court from the government's proffer or from elsewhere," *Maher*, 108 F.3d at 1529.

Benn asserts that it was error for the district court to sentence him in accordance with the mandatory minimum of § 841(b)(1)(A) because he never admitted the quantity of narcotics involved in the conspiracy. This argument is without merit. Our review of the record reveals clearly that the indictment charged Benn with an offense involving 50 grams or more of a mixture or substance containing crack, that Benn understood the allegations against him, and that he entered into a plea agreement which stated explicitly that he was pleading guilty to conspiring to distribute and possess with intent to distribute 50 grams and more of substances containing cocaine base. Furthermore, during the Rule 11 proceedings the court specifically cautioned Benn not to plead guilty if he did not agree that his offense involved at least 50 grams of crack, to wit: "Court: 'If you don' t think it was 50 grams, then I don't want you to plead guilty.'" Following the court's admonition, Benn did not deny that his offense involved less than the statutory quantity. Rather he listened to the government's proffer, and in response to the court's question: "Are you offering to plead guilty because in truth and in fact you are guilty?" stated, "Yes." As the court continued to follow up, Benn admitted to conducting numerous sales during a portion of the period charged for the conspiracy. Considered together with the government's proffer during the course of the Rule 11 proceedings, Benn's admissions are sufficient to support the district court's finding that he knowingly participated in a conspiracy that involved 50 grams or more of crack cocaine. The district court did not abuse its discretion in making such a finding.

Benn did not seek to withdraw his guilty plea at any time, as did the defendants in *Adams* or *Gonzalez*. Thus, the issue before us is not the validity of the plea, but only the validity of the sentence. Where, as here, a quantity finding is adequately supported in the record, there is no requirement that the quantity needed to support a minimum sentence be explicitly admitted by a defendant.

We have considered Benn's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk